UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANNA MAY HALVERSON | CIVIL ACTION |
| VERSUS | NO. 07-7772 |
| THE STANDARD FIRE INSURANCE COMPANY/<br>THE TRAVELERS INDEMNITY COMPANY | SECTION "N" (3) |

## ORDER AND REASONS

Defendant, Standard Fire Insurance Company, removed this matter from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, on November 1, 2007. Presently before the Court is a Motion to Remand filed by Plaintiff (Rec. Doc. No. 5). For the reasons stated herein, Plaintiff's motion is **DENIED**.

## BACKGROUND

In 2005, Plaintiff's home in Metairie, Louisiana, was covered by a policy of homeowner's insurance issued by Defendant. On or about August 29, 2005, Plaintiff's home and personal property suffered damages as a result of Hurricane Katrina. Two years later, the parties had not satisfactorily resolved Plaintiff's claims under the homeowner's insurance policy. Accordingly, Plaintiff sued Defendant in state court on August 29, 2007.

Defendant removed the action to this Court on November 1, 2007. Urging that the amount in controversy is less than that required for diversity jurisdiction under 28 U.S.C. § 1332,

Plaintiff seeks remand to state court. There is no dispute as to the parties' diversity of citizenship.

## **LAW AND ANALYSIS**

Generally, a defendant may remove a civil action from state court to federal court if the federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). In assessing the propriety of removal, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removing party bears the burden of showing that federal jurisdiction exists at the time of removal. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

Diversity of citizenship subject matter jurisdiction requires that the amount in controversy exceed the sum of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332. Under Fifth Circuit law, a removing defendant's burden in establishing the requisite amount in controversy differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages. *See Allen*, 63 F.3d at 1335. When the plaintiff alleges a specific damages figure that exceeds the required amount in controversy, "that amount controls if made in good faith." *Id*. (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1939)). The converse holds true, barring removal, if a plaintiff pleads damages less than the jurisdictional amount. *Allen*, 63 F.3d at 1335. "Thus, in the typical diversity case, the plaintiff is the master of his complaint." *Id*.

In this instance, however, Plaintiff filed her action in Louisiana state court. There, procedural rules do not allow plaintiffs to plead a specific amount of money damages in the petition. *See* La. Code Civ. Proc. art. 893. Under such circumstances, the Fifth Circuit requires the removing

defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Manguno*, 276 F.3d at 723 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)). "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Id*.

If the defendant meets its burden in either of these ways, the plaintiff may still defeat removal if he or she shows that it is legally certain that his or her recovery will be less than $75,000. *See De Aguilar*, 47 F.3d at 1411-12. To satisfy this standard, absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit *with* their complaints." *De Aguilar*, 47 F.3d at 1412 (emphasis added).

Regarding this requirement, the Fifth Circuit has explained:

> The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings in these situations. Certainly, plaintiffs who plead for specific damages and who are in states that have procedural rules binding them to their pleadings will satisfy their burdens more easily. Others will have the same opportunity to avoid federal court but will have to choose another method to show their commitment to recovery below the threshold amount.

*Id*. at 1412, n. 10. In Louisiana state courts, plaintiffs are not limited to the damages requested in their pleadings. *See* La. Code Civ. P. art. 862. Accordingly, for pre-removal state court pleadings and stipulations to be binding and, thus, preclude federal court removal, Louisiana plaintiffs must affirmatively renounce the right to accept a judgment in excess of $75,000. *Levith v. State Farm Fire and Cas. Co.,* Civil Action No. 06-2785, 2006 WL 2947906, *2 (E.D. La. 2006) (Vance, J.); *Crosby v. Lassen Canyon Nursery, Inc*., Civil Action No. 02-2721, 2003 WL 22533617, *3 (E.D.

3

La. 2003) (Vance, J.).[1]

Post-removal affidavits or stipulations may be considered in support of remand only under limited circumstances. If the amount in controversy is ambiguous at the time of removal, the Court may consider such post-removal submissions, but solely to ascertain the amount in controversy as of the date of removal. *See Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000); *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.,* 988 F.2d 559, 565 (5th Cir. 1993) (in determining whether remand is proper, a court may consider an affidavit clarifying a petition that previously left the jurisdictional question ambiguous); *Ardoin v. Allstate Ins. Co.,* No. 06-7624, 2007 WL 97062, *2 (E.D. La. 2007) (Vance, J.); *Tenet Health Systems Hosps. Inc. v. Crosby Tugs, Inc., et al.*, No. 04-1632, 2005 WL 1038072, *4, n.10 (E.D. La. 2005) (Engelhardt, J.). If the amount in controversy, however, is clear from the face of the complaint, post-removal stipulations, affidavits, and amendments purporting to reduce the amount of damages sought by the plaintiff cannot deprive a federal court of jurisdiction. *Gebbia*, 233 F.3d at 883.

Here, Plaintiff's petition does not contain a binding stipulation regarding damages, or a statement of the sort allowed by Article 893 of the Louisiana Code of Civil Procedure.[2] It is

---

[1] In *Engstrom v. L-3 Communications Government Services, Inc*., Civil Action No. 04-2971, 2004 WL 2984329, * 4 (E.D. La. 2004), this Court granted the plaintiffs' motion to remand where the petition contained a paragraph in which each plaintiff "affirmatively and knowingly waive[d] entitlement to any damages . . . , including penalties and statutory attorney's fees, but exclusive of interest and costs, in excess of $74, 999." The Court found that the waiver language constituted a binding stipulation or "judicial confession" under Louisiana law, and, as a matter of law, prevented the plaintiffs from recovering more than the jurisdictional amount. *Id*.

[2] Although prohibiting the inclusion of a "specific monetary amount of damages" in the petition, Article 893 allows, among other things, a general allegation that the damages at issue are insufficient to provide federal court diversity jurisdiction. *See* La. Code Civ. Proc. art. 893(A)(1).

not facially apparent, however, that Plaintiff's claims are likely to exceed $75,000.  Indeed, Plaintiff's petition contains very little information regarding the full nature or extent of the claimed damages to her home and personal property.  It indicates only that "significant damage" occurred, that Defendant's adjustor overlooked or failed to include certain damages in his appraisal, and that the monetary value of these damages is "substantially in excess" of the amount estimated by Defendant's adjustor.[3]  Nevertheless, turning to the evidence and argument presented in connection with the motion to remand, the Court finds that Defendant has borne its burden with respect to demonstrating the amount in controversy as of the time of removal.

Contending that the jurisdictional amount established by § 1332 is not satisfied, Plaintiff points to an October 10, 2007 "formal demand" as establishing a claim, exclusive of costs and expenses, of only $62,612.39.[4]  The Court assumes, in Plaintiff's favor, that this amount truly reflects the total actual amount of proceeds payable under Defendant's policy, and is otherwise appropriate for the Court's consideration.  Significantly, however, Plaintiff also seeks recovery of attorney fees and penalties under La. R.S. 22:1220 and La. R.S. 22:658 in her petition.[5]  If

---

[3] *See* Petition (Rec. Doc. No. 1-2) at ¶¶3, 6-7.  The estimate is attached as Exhibit A to Plaintiff's petition.  It appears to calculate the structural and personal property damages to total $9,174.09, but have an actual cash value of $8,920.04.

[4] *See* Plaintiff's Memorandum in Support of Motion to Remand at page 2, and Exhibits A and B thereto.

[5] *See* Petition at ¶7 and the unnumbered "prayer" paragraph.  Under circumstances such that La. R.S. 22:1220 provides a greater penalty than La. R.S. 22:658 for the same conduct, the plaintiff cannot recover a penalty under both statutes.  Rather, the penalty provision of La. R.S. 22:1220 supersedes that found in La. R.S. 22:658.  *See, e.g., Calogero v. Safeway Ins. Co.*, 753 So. 2d 170, 174 (La. 2000); *see also Carpenter v. State Farm Ins. Co.*, Civil Action No. 06-8456, 2007 WL 4124549, *1 (E. D. La.)  (Fallon, J.)  Attorney's fees, if provided for in the applicable version of La. R.S. 22:658, however, still would be recoverable under La. R.S. 22:658.  *Calogero,* 753 So. 2d at 174.

recoverable, such sums are to be considered by the Court in determining the amount of controversy. *See, e.g., Manguno,* 276 F.3d at 723-24; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Ardoin v. Allstate Ins. Co.*, Civil Action No. 06-7624, 2007 WL 97062, *2 (E. D. La. 2007) (Vance, J.); *Bagneris v. State Farm Mut. Auto. Ins. Co.*, Civil Action No. 95-1680, 1995 WL 683876, *1 (E.D. La.) (Carr, J.).

Calculated on the sum of $62,612.39, Plaintiff's claims for penalties under La. R.S. 22:658 alone pushes the amount in controversy over $75,000.[6] This is true, moreover, whether the version of that statute in effect prior to August 15, 2006, which authorized a penalty of the greater of 25% of the amount due, or $1,000, but no attorney's fees, or the later version, which authorizes a penalty of the greater of 50% of the amount due, or $1,000, and attorney's fees, controls.[7]

Further, the Court is not persuaded by Plaintiff's present efforts to disassociate herself with her claims for penalties and attorney's fees under La. R.S. 22:658 and La. R.S. 22:1220.[8]

---

[6] For purposes of La. R.S. 22:1220, a plaintiff's recovery is limited to $5,000 if he or she cannot prove higher, actual damages resulting from the insurer's breach. *See In re Hannover Corp. of America*, 67 F.3d 70, 76 (5th Cir. 1995); *Hammel v. State Farm Fire and Cas. Co.*, Nos. 06-7470, 06-9615, 2007 WL 519280, * 7 (E.D. La. 2007) (Vance, J.); *but see Ibrahim v. Hawkins*, 845 So. 2d 471, 482-83 (La. App. 1 Cir. Feb. 14, 2003) ($5,000 penalty under La. R.S. 22:1220 not owed unless some damages suffered as direct result of the insurer's conduct).

[7] *See* 2006 La. Acts No. 813, §1; 2003 La. Acts. No. 790 §1; *see also* La. Const. art. 3, § 19 (unless specified in the legislation, laws enacted during a regular legislative sessions take effect on August 15 of the calendar year during which the session is held; laws enacted during an extraordinary session take effect sixty days following final adjournment of that session); *see also, e.g., Paulsen v. State Farm Ins. Co.,* Civil Action No. 06-9546, 2008 WL 239785 (E.D. La. 2008) (Africk, J.) (discussing non-retroactivity of 2006 amendment and differing judicial views regarding its application to continuing conduct); *Weiss v. Allstate Ins. Co.*, Civil Action No. 06-3774, 2007 WL 1017341 (E.D. La. 2008) (Vance, J.) (discussing effective date of 2006 amendment and non-retroactivity).

[8] *See* Plaintiff's Memo at 2; Plaintiff's Reply Memorandum (Rec. Doc. No. 10) at 2.

Plaintiff's petition generally asserts facts that she apparently believed justify an award under these statutes, and expressly prays for relief under these statutes.[9]  For purposes of the inquiry presented by Plaintiff's motion to remand, the Court's removal jurisdiction is determined based on Plaintiff's claims as they exist at the time of removal, not thereafter.  *See Manguno*, 276 F.3d at 723 (citing *Cavallini v. State Farm Mut. Auto. Ins. Co.* 44 F.3d 256, 264 (5th Cir. 1995).  Accordingly, the Court finds that Plaintiff has not establish with legal certainty that her claims are for less than $75,000.

## CONCLUSION

For the foregoing reasons, the Court finds that 28 U.S.C. §1332 provides subject matter jurisdiction in this action.  Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Remand is **DENIED**.

New Orleans, Louisiana, this __7th__ day of March 2008.

_____
**Kurt D. Engelhardt**
**United States District Judge**

---

[9]  *See* La. Code Civ. Proc. art 863(B) (". . . the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.")